**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | **2: 08-cr-365, 09-cr-56, 10-cr-91** |
| **v.** | ) | **2: 12-cv-1803** |
| | ) | |
| **ROBERT RALPH KORBE** | ) | |

## <u>MEMORANDUM OPINION AND ORDER OF COURT</u>

Now pending before the Court is the MOTION UNDER 28 U.S.C. § 2255 TO VACATE,

SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

(Document No. 1885 at Crim. No. 08-365) filed by Defendant Robert Korbe, with brief in

support. The government has filed a response in opposition to the motion and it is ripe for

disposition.


<u>Factual and Procedural Background</u>

Korbe faced criminal charges at three separate cases. On May 28, 2010, he appeared

with counsel and informed the Court that he and the government had entered into a plea

agreement. Of particular relevance to the pending § 2255 motion, the Court notes that: at ¶

A(15) of the plea agreement, Korbe waived "the right to file a motion to vacate sentence, under

28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral

proceeding attacking his conviction or sentence"; and at ¶ C(6), the parties stipulated to the types

and quantities of controlled substances attributable to Korbe (namely, more than 5 kilograms of

cocaine and 161.6 grams of cocaine base).

Pursuant to the plea agreement, Korbe: (1) pled guilty to count 1 of the 27-count

superseding indictment at Criminal No. 08-365, which charged him with conspiracy to distribute and possess with the intent to distribute five (5) kilograms or more of cocaine, a Schedule II controlled substance, and 50 grams or more of cocaine base, in the form commonly known as crack cocaine, a Schedule II controlled substance, from in and around October 2007 to in or around September 2008, in violation of 21 U.S.C. § 846; (2) pled guilty to count 1 of the 2-count indictment at Criminal No. 09-56, which charged him with mail fraud on or about October 9, 2008, in violation of title 18 U.S.C. § 1341; and (3) waived indictment by a grand jury and pled guilty to both counts of a 2-count criminal information at Criminal No. 10-91, which charged him at count 1 with the crime of unlawful possession, as a convicted felon, of four firearms (a .38 caliber, silver Taurus ultra-lite revolver; a Smith & Wesson revolver, model detective special, .38 special caliber; a Remington shotgun, model 870, 12 gauge; and a Marlin rifle, model 60, .22 caliber), and 322 rounds of live ammunition on November 19, 2008, in violation of 18 U.S.C. § 922(g)(1) and 924(e), and at count 2, with possession with intent to distribute 360.5 grams of cocaine and 161.6 grams of crack cocaine, Schedule II controlled substances, on November 19, 2008, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(a)(iii), and (b)(1)(c). The parties stipulated to the types and quantities of controlled substances attributable to Korbe (both powder cocaine and crack cocaine) in ¶ C(6) of the plea agreement, to wit: more than five (5) but less than fifteen (15) kilograms of cocaine and 161.6 grams of crack cocaine. Korbe admitted his guilt to charges involving both powder and crack cocaine during the plea colloquy.

A Presentence Investigation Report ("PSI") was prepared by the Probation Office on August 18, 2010, with an Addendum on September 10, 2010. On September 3, 2010, Korbe filed objections to the PSI, including inter alia, the calculation of his Criminal History Category. The Court rejected Korbe's contention and explained that although the total points from prior

convictions would have placed him in Criminal History Category III, Korbe was correctly placed in Criminal History Category VI due to application of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), because he had at least three previous serious drug convictions. The PSI calculated Korbe's base offense level of 32 by grouping the powder and crack cocaine. However, Korbe's base offense level would have been 32 based solely on the quantity of powder cocaine. *See* USSG § 2D1.1(a)(4). The PSI then applied a 2-level enhancement because Korbe possessed a dangerous weapon, for an adjusted offense level of 34. Korbe would have been at offense level 34 in any event due to the ACCA. *See* USSG § 4B1.4. After reducing the adjusted offense level due to his acceptance of responsibility, the advisory guideline range based on a total offense level of 31 with a Criminal History Category of VI would have been 188-235 months.

However, as explained in the PSI and the Court's Tentative Findings and Rulings, Korbe was subject to a statutory mandatory minimum sentence of 240 months of imprisonment. Pursuant to 21 U.S.C. § 841(b)(1)(A)(ii), a person convicted of a crime involving five (5) kilograms or more of powder cocaine "shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life." The 10-year mandatory minimum sentence was doubled to 20 years (or 240 months) because the government filed a notice of prior conviction pursuant to 21 U.S.C. § 851 ("§ 851 Notice"). Although Korbe had four (4) qualifying prior convictions, which could have resulted in a mandatory term of life imprisonment, the government filed only one (1) § 851 Notice. Thus, the statutory mandatory minimum sentence exceeded the advisory guideline range calculated for the offenses of conviction in the PSI..

At the sentencing proceeding, Korbe sought a downward variance. The government sought an upward variance. On September 24, 2010, after a lengthy hearing, the

Court sentenced Korbe to a term of imprisonment of 300 months at Crim. No. 08-365 and both counts of Crim. No. 10-91, and 30 months at Crim. No. 9-56, with all such terms to run concurrently. During the sentencing colloquy Korbe was asked whether he was "in any way dissatisfied with the service, advice or representation provided by [his attorney William] Difenderfer in this matter." Transcript at 10. Korbe responded: "No." *Id*.

Korbe filed a direct appeal. On December 16, 2011 the United States Court of Appeals for the Third Circuit affirmed the judgment and sentence imposed by this Court. On December 17, 2012, the Court denied a pro se Motion to Reduce Sentence filed by Korbe.

Korbe signed the instant § 2255 motion on December 6, 2012 and the motion was filed on December 10, 2012. Korbe asserts seven "grounds" for relief, namely: (1) his plea was not knowing and voluntary; (2) he is entitled to "specific performance"; (3) he is not an "armed career criminal" under 18 U.S.C. § 924(e); (4) he is entitled to a 2-level decrease under USSG Amendment 706 (for crack cocaine offenses); (5) double jeopardy, as Count 1 of Crim. No. 08-365 and Count 2 of Crim. No. 10-91 are multiplicious; (6) counsel was ineffective for failing to mitigate the drug quantity; and (7) the drug quantity attributable to him was so de minimis that counsel should have re-calculated the amount. He seeks an evidentiary hearing.

Korbe also filed a 28-page memorandum of law in support of the motion. He argues, inter alia, that his plea was not voluntary because he was deceived, and allegedly received ineffective assistance of counsel, in that he assumed that he would not be classified as an Armed Career Criminal. He attaches a March 12, 2010 memorandum from the probation office (the "pre-plea PSI") which states: "Based on the defendant's prior criminal history, it appears that the defendant does not qualify for the career offender enhancement." Korbe argues that he

pled guilty based on this statement, and therefore, is entitled to "specific performance" of the pre-plea PSI. In the alternative, Korbe contends that, on the merits, he is not an "Armed Career Criminal" as defined in 18 U.S.C. § 924(e). Korbe also contends that he is entitled to a reduced sentence pursuant to USSG Amendment 706 (crack cocaine offenses). In addition, Korbe believes that Count 1 of Crim. No. 08-365 (conspiracy from October 2007-September 2008) and Count 2 of Crim. No. 10-91 (possession with intent to distribute on May 24, 2008) are multiplicious because they charge him twice for the same offense conduct, arising out of the same conspiracy and course of conduct. He also contends that the Probation Office made a mathematical mistake in converting the cocaine base into its marijuana equivalent. Korbe argues that his attorney was ineffective for failing to mitigate the drug quantity, due to the allegedly multiplicious indictment and math error. In essence, Korbe contends that his maximum sentence should have been 20 years of imprisonment, such that his actual sentence violates due process. He also contends that by recalculating the drug quantity, his advisory guideline should be Offense Level 29, for a range of 151-181 months. Finally, Korbe contends that his attorney was ineffective for failing to move to suppress the (allegedly) unlawful intrusion into his house in violation of the "knock and announce" law, 18 U.S.C. § 3109.[1]

The government concedes that the §2255 motion is timely. However, the government opposes every ground for relief raised by Korbe. The government contends that the motion should be denied without an evidentiary hearing and with no certificate of appealability.

---

[1] The Court notes that Robert Korbe's wife, Christina Korbe, pled guilty at Crim. No. 09-5 to voluntary manslaughter and possession of a firearm in relation to a crime of violence, arising out of the shooting death of FBI Special Agent Samuel Hicks when agents attempted to execute an arrest warrant for Robert Korbe on November 19, 2008.

Legal Analysis

As an initial matter, during the plea colloquy the Court specifically found that Korbe's waiver of his right to file a § 2255 motion was knowing and voluntary.  Such waivers are valid and enforceable.  *See United States v. Mabry*, 536 F.3d 231 (3d Cir. 2008); *United States v. Khattak*, 273 F.3d 557 (3d Cir. 2001).  The Court recognizes that there are limited exceptions (for example, an allegation of ineffective assistance of counsel during plea negotiations), in which a convicted Defendant may pursue a § 2255 motion despite this waiver.  However, the grounds set forth by Korbe do not fall within any such exception.  Accordingly, his motion can be denied on this basis alone.  Nevertheless, the Court will also briefly address each of his "grounds" seriatim.

The Court rejects the suggestion that Korbe's guilty plea was not knowing and voluntary.  At the time, Korbe was 41 years old, a business owner, and had numerous prior experiences with the criminal justice system.  He was represented by experienced legal counsel and he entered into a negotiated plea agreement.  As part of the plea agreement, the government agreed to dismiss charges at Crim. Nos. 08-365 and 09-56.  Further, of particular benefit to Korbe, the government agreed to file a § 851 Information as to only one prior felony drug conviction.  Had the government filed another § 851 Information, Korbe would have faced a sentence of mandatory life imprisonment.  Korbe testified that he had reviewed the plea agreement thoroughly and understood it.  Moreover, the Court conducted a thorough colloquy to ensure that Korbe knew, inter alia, his legal rights; the maximum and mandatory minimum sentence applicable to the offenses of conviction; that a final PSI would be prepared which may differ from the preliminary estimates; that his actual sentence would be determined by the Court;

and that he could be sentenced up to the statutory maximum, i.e., life imprisonment. Korbe testified that he understood, and nevertheless agreed to plead guilty. The Court found that Korbe's plea of guilt was knowing and voluntary. Any expectation that the Court could not impose a sentence over 20 years which may have been generated by the pre-plea PSI was fully dissipated by the time Korbe entered his actual guilty plea. Korbe was well-aware that he could be sentenced up to, and including, life imprisonment.

A pre-plea PSI is not a valid, binding contract on which Korbe may seek specific performance. It is a preliminary tool prepared by the Probation Office to assist Defendants and defense counsel, and is not binding on either the United States Attorney or the Court. In this case, the pre-plea PSI was prepared prior to the filing of the Information at Crim. No. 10-91, which included the firearms charge which triggered the application of ACCA and prior to the § 851 Information. Moreover, the ACCA issue did not result in any prejudice to Korbe, because he faced a statutory mandatory minimum sentence of 240 months, and the Court enhanced his sentence based on § 3553 factors, as set forth in the sentencing colloquy.

Korbe's substantive argument regarding the ACCA is based on USSG § 4A1.2 rather than the actual text of the statute. His argument has previously been rejected by this Court, *see* Tentative Findings and Rulings dated September 22, 2010. Moreover, this Court's calculation of the advisory guideline range was affirmed by the United States Court of Appeals for the Third Circuit in Korbe's direct appeal. Korbe's reiteration of this argument will not be further addressed.

Korbe's contention that he is entitled to a reduced sentence pursuant to USSG Amendment 706 (crack cocaine offenses), is duplicative of the motion Korbe filed at Document No. 1867, which the Court denied the motion by Memorandum Opinion and Order dated

December 3, 2012. Korbe is apparently pursuing an appeal of that decision. The Court will not further address this duplicative argument.

The counts of conviction were not "multiplicious." It is well-established that the crime of conspiracy is separate and distinct from the crime of possession with intent to distribute illegal drugs. *See United States v. Felix*, 503 U.S. 378, 389-91 (1992) ("conspiracy to commit an offense and the offense itself [ ] are separate offenses for double jeopardy purposes.")

Korbe was not prejudiced by counsel's alleged failure to mitigate the drug quantity or by the alleged math error in determining the marijuana equivalent. The actual quantities of powder cocaine and cocaine base attributable to Korbe were stipulated in the plea agreement. Korbe's advisory guideline range was not based on those quantities, because he faced a higher mandatory minimum sentence due to the § 851 Information. In any event, the Court imposed a further upward variance based on the § 3553 factors, as set forth in the sentencing colloquy.

Finally, there was no prejudice from counsel's alleged failure to move to suppress evidence. The record clearly establishes that the agents did comply with the "knock and announce" statute. They proceeded to break the door down to execute their warrant only after Korbe refused admittance and fled. The record also reflects that the agents subsequently obtained valid search warrants.

Pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984), to succeed in a § 2255 motion based on alleged ineffective assistance of counsel, a petitioner must demonstrate both: (1) deficient performance; and (2) prejudice. A § 2255 motion may be resolved on either prong. *McAleese v. Mazurkiewicz*, 1 F.3d 159, 170-71 (3d Cir. 1993). For the reasons set forth above, to the extent that Korbe's grounds are construed as claims of ineffective assistance of counsel, as

opposed to substantive legal challenges, they lack merit. Korbe has failed to demonstrate any prejudice or any reasonable probability that the outcome of his cases would have been different.

Conclusion

In accordance with the foregoing, the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Document No. 1885) filed by Defendant Robert Korbe must be **DENIED**. The Court notes that it has re-reviewed the plea agreement, and the transcripts of the plea and sentencing hearings, and is satisfied that Korbe entered a knowing and voluntary plea of guilty in these cases and has not established any grounds to vacate, set aside or correct his sentence. There is no need to conduct an evidentiary hearing. No certificate of appealability shall issue.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | )     **2: 08-cr-365, 09-cr-56, 10-cr-91** |
| **v.** | )     **2: 12-cv-1803** |
| | ) |
| **ROBERT KORBE** | ) |

## ORDER OF COURT

AND NOW this 4th day of March, 2013, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Document No. 1885) filed by Defendant Robert Korbe is **DENIED**. Civil Action No. 12-1803 shall be docketed closed.

BY THE COURT;

s/ Terrence F. McVerry
United States District Judge

cc:
       Jane Dattilo, AUSA

       Robert Korbe
       #30108-068
       F.C.I. Williamsburg
       P.O. Box 340
       Salter, SC 29590
       (By First Class Mail)